## MONTROSS and others *v.* BULLARD and others.[1]

### (*Circuit Court, N. D. Illinois.* March 22, 1886.)

1. PATENTS FOR INVENTIONS—CONSTRUCTION—INFRINGEMENT.

   Letters patent No. 154,848, of December 8, 1874, to William H. Curtis, for an improvement in carpet stretchers, must, in view of prior patents for carpet stretchers, acting upon the same principle, be limited to the special devices therein shown, and cannot be construed so as to include other machines which are mere adaptations or simplifications of other older devices.

2. SAME—CARPET STRETCHER.

   A carpet stretcher manufactured under the patent to Frederick J. Hubbard, of May 20, 1884, is a new improvement on older devices, and does not embody the special devices of the Curtis patent.

3. SAME—CHANGE IN SIZE OF MACHINE.

   A mere change in the size of a machine, (a carpet stretcher,) whereby it is reduced from a large and clumsy device to a light, portable, and convenient one, while its mode of operation is not changed, is not a patentable change.

In Equity.

*Jesse Cox*, for complainants.

*Coburn & Thacher*, for defendants.

BLODGETT, J. The bill in this case charges an infringement by defendants of patent No. 154,848, granted December 8, 1874, to William H. Curtis, for "an improvement in carpet stretchers," for which they seek an injunction and accounting. No dispute is made as to the defendants' title. The defenses are (1) that complainants' patent is void for want of novelty; (2) that defendants do not infringe.

The proof shows that carpet stretching devices are old. The defendants have put into the record the following patents for carpet stretchers: No. 10,143, granted December 18, 1853, to J. W. Weatherby; No. 22,930, granted February 15, 1859, to J. W. Bragg:

---

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

No. 36,187, granted August 12, 1862, to E. Wood; No. 70,032, granted October 22, 1867, to W. H. Robinson; No. 67,690, granted August 19, 1867, to J. P. Warner; No. 85,690, granted August 5, 1869, to S. Pennock; No. 83,741, granted November 3, 1878, to E. P. Shaffer; No. 114,418, granted August 5, 1873, to W. H. Boles; besides several others, which it is unnecessary to enumerate. All the devices shown in these patents operate upon substantially the same principle; that is, they have a head, provided with teeth or claws to engage with the carpet, and some device for pushing or pulling this head so as to stretch the carpet, and most of them show a pawl, or some other device, to hold what is gained by each pull or push. The earlier devices seem to have been large and clumsy. Some of them were evidently intended to reach across the room, so that one part could brace against the base-board of one side of the room, while the head pushed or pulled the edge of the carpet to the opposite base-board, where it could be tacked or fastened. The machine made under complainants' patent, and also defendants' machines, are made very light and portable, and are an undoubted convenience to the person who has to use them, and an obvious advantage to the peddlers, who can much more readily hawk them from house to house; but a change in the size of the machine, making it larger or smaller, while its mode of operation is not changed, is not a patentable change; and, besides that, there is nothing in the complainants' patent as to the size of the machines to be made under it, and the complainants have a right to make a machine just as large or just as small as they choose under the specifications of this patent.

Complainants' patent provides for the construction of a machine with a head, on the under side of which are teeth to seize or engage with the carpet, and a bar with a hook at one end, to be driven into the floor near the base-board, and a ratchet upon the top of this bar. Upon the head are two bales, one of which is to act as a pawl, and engage with the ratchet as the head is drawn forward; and to the other pawl, which is larger, is pivoted a lever, the lower end of which, working in the notches of the ratchet bar, enables the operator, by the use of the lever, to draw the head towards the hook end of the ratcheted bar, while the pawl holds what is gained by each throw of the lever. Defendants' machine is manufactured under a patent granted May 20, 1884, to Frederick J. Hubbard. It contains, as does the complainants', a toothed head to engage with the carpet; and a device, by means of an extension bar and lever working in a ratchet plate, to pull the carpet to place, and also a catch to hold what is gained by each throw of the lever. Its construction and mode of operation are much like Fig. 2 of the Stevenson patent of November 18, 1868. It is also similar in construction and mode of operation to the Boles patent of August 5, 1873, especially in the form of construction shown in Fig. 3 of that patent. Both the Stevenson and Boles devices show an extension bar with ratchet and levers, and

with pawls to hold all that is gained by each throw of the levers. The still older devices of Weatherby and Wood also show extension bars and ratchets worked with a cog-wheel or lever.

With the number of devices for carpet stretchers shown in the proof, all acting upon substantially the same principle, I think there can be no doubt that the patent-office, in granting the patent to the complainants, intended to only grant it for the special devices shown; and although several of the older patents have a working mechanism very much like complainants', it is possible complainants' patent can be upheld so far as to protect the special device shown, but it cannot be so construed as to include other machines which are mere adaptations or simplifications of other older devices, and I have no doubt from the proof that defendants' machine is, in its construction and mode of operation, an improvement upon the Stevenson and Boles machines, and that its construction does not embody the special devices of complainants' patent.

The finding is that the defendants do not infringe, and the bill is dismissed for want of equity.